# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT GREENEVILLE

| | |
|---|---|
| CLAYTON DWAINE STIPES, ) | |
| ) | Case No. 2:19-cv-23 |
| *Plaintiff*, ) | |
| ) | Judge Travis R. McDonough |
| v. ) | |
| ) | Magistrate Judge Christopher H. Steger |
| CORRECTIONAL OFFICER LAWSON, ) | |
| CORRECTIONAL OFFICER SAWYER, ) | |
| CORRECTIONAL OFFICER JONES, and ) | |
| CORRECTIONAL OFFICER WADE[1], ) | |
| ) | |
| *Defendants*. ) | |

## MEMORANDUM OPINION

Plaintiff, a prisoner in the Tennessee Department of Corrections who was previously confined in the Sullivan County Jail, filed a *pro se* complaint for violation of his civil rights pursuant to 42 U.S.C. § 1983 setting forth a conclusory claim alleging refusal to treat his carcinoma. (Doc. 2, at 2.) On June 3, 2019, the Court entered an order screening the complaint and providing that Plaintiff had twenty days from the date of entry of the order to file an amended complaint. (Doc. 7.) Plaintiff complied with this order. (Doc. 8.)

Accordingly, on September 5, 2019, the Court entered an order screening Plaintiff's amended complaint, providing that Plaintiff's claims that Defendants Jones and Sawyer were deliberately indifferent to his serious medical needs would proceed, allowing Plaintiff thirty days

---

[1] While Plaintiff did not name an Officer Wade as a Defendant in his complaint or amended complaint, the Court allowed a claim against this officer to proceed in its order screening Plaintiff's amended complaint. (Doc. 10, at 9.) Accordingly, the Clerk will be **DIRECTED** to update the Court's docket to reflect that this individual is also a Defendant in this matter.

to file a second amended complaint against any other officers that he alleged had demonstrated deliberate indifference to his serious medical needs, allowing Plaintiff's excessive force claims against Defendants Lawson, Sawyer, and Jones to proceed, allowing Plaintiff's claim against Defendant Wade arising out of other inmates beating Plaintiff up to proceed, and dismissing all other claims. (Doc. 10.) The Court also directed the Clerk to send Plaintiff service packets for the remaining Defendants, ordered Plaintiff to complete the service packets and return them to the Court within twenty days of entry of the order, and warned Plaintiff that if he failed to timely comply with the order, the Court may dismiss this action. (*Id.* at 10–11.)

On September 12, 2019, the United States Postal Service returned the Clerk's mail containing this order to the Court with a notation indicating that Plaintiff was no longer at the address to which the Clerk had sent the mail. (Doc. 11.) Accordingly, on that same day, the Clerk re-sent the order to Plaintiff at the most recent address that Plaintiff had provided the Court. (Doc. 9; Doc. 11 (docket entry).) More than four weeks have passed since the Clerk re-sent the order to Plaintiff at the last current address that Plaintiff provided the Court, and Plaintiff has not returned completed service packets to the Court, filed an amended complaint, or otherwise communicated with the Court.

Federal Rule of Civil Procedure 41(b) gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *See, e.g.*, *Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999). The Court examines four factors when considering dismissal under Fed. R. Civ. P. 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and

(4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *see Reg'l Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988).

As to the first factor, the Court finds that Plaintiff's failure to respond to or comply with the Court's previous order is due to Plaintiff's willfulness or fault. Specifically, as set forth above, it appears that Plaintiff received the Court's order but chose not to comply with it. As such, the first factor weighs in favor of dismissal. Next, as to the second factor, the Court finds that Plaintiff's failure to comply with the Court's order has not prejudiced Defendants. Also, as to the third factor, the Court warned Plaintiff that the Court may dismiss this case if he failed to comply with the Court's order. (Doc. 10, at 11.) Finally, as to the fourth factor, the Court finds that alternative sanctions would not be effective. The Court granted Plaintiff leave to proceed *in forma pauperis* in this matter (Doc. 4), and Plaintiff has not complied with the Court's most recent order or otherwise communicated with the Court.

For the reasons set forth above, the Court concludes that the relevant factors weigh in favor of dismissal of Plaintiff's action pursuant to Rule 41(b) and the Court **CERTIFIES** that any appeal from this order would not be taken in good faith.

**AN APPROPRIATE ORDER WILL ENTER.**

*/s/ Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**